# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAFAYETTE UPSHAW,** | : | Civil No. 1:18-CV-2077 |
| **Plaintiff,** | : | |
| v. | : | (Judge Kane) |
| **C.O. JOHN DOE 1# AND2#,** | : | (Magistrate Judge Carlson) |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a state prisoner who is proceeding *pro se*, commenced this action by filing a civil complaint in state court which was then removed to this court. (Doc. 1.) Following the removal of this case to federal court the defendants moved to dismiss Upshaw's complaint, arguing in part that Upshaw had erroneously named the prison, SCI Benner, as a defendant. (Doc. 4.) In response, the plaintiff then filed an amended complaint, which deleted SCI Benner as a defendant. (Doc. 7.)

While the plaintiff did not formally seek leave to amend his complaint, we agree that the plaintiff should be entitled to amend his complaint in response to this motion to dismiss since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and

1

provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1. The clerk is directed to file the plaintiff's proposed amended complaint (Doc. 7), as the amended complaint in this action. All further proceedings shall be conducted based upon the averments set forth in this amended complaint.

2. We believe that this development has substantive significance for the parties with respect to the initial motion to dismiss the original complaint filed in this case (Doc. 4) since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the

case...."). Since the complaint in this case is amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's original complaint (Doc. 4) without prejudice to renewal of a motion to dismiss the amended complaint now filed in this case. (Doc. 7.)

SO ORDERED, this 28th day of January 2019.

> */s/ Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge